# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **KENNETH SIMMONS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   No. 20-cv-3243 |
| | ) |
| **ILLINOIS DEPARTMENT OF** | ) |
| **HUMAN RIGHTS,** | ) |
| | ) |
|    **Defendant.** | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on the Motion to Dismiss filed by the Illinois Department of Human Rights (IDHR). See d/e 21. As Plaintiff Kenneth Simmons lacks both standing to sue IDHR and a plausible claim for relief, the motion is GRANTED.

### I.  BACKGROUND

The Court construes the complaint in the light most favorable to Mr. Simmons, accepting all well-pleaded allegations as true and taking all reasonable inferences in his favor. Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).

Mr. Simmons has used a cane for nearly two decades. He obtained a handicapped-parking permit in 2018. Mr. Simmons wishes to access public parks in the village of Minier, Illinois, "for recreation including exercise, bird watching, [and] watching little league games." See Am. Compl., d/e 16, at 1–2. Mr. Simmons says that he cannot do so, however, because Minier officials have failed to provide "handicap parking and access aisles in the village parks." Id. at 1.

Sometime in 2019, Mr. Simmons filed with the Illinois Attorney General a complaint to that effect. The Attorney General later sent Minier's mayor notice of Mr. Simmons' allegations. See id. ex. A. The letter also advised the mayor of the village's non-discrimination obligations under state and federal law.

Mr. Simmons alleges that on April 17, 2020, an IDHR representative told Mr. Simmons and Minier officials "that the disable[d] and particularly Kenneth Simmons had no right to handicap parking or access aisle" in one of Minier's public parks. Id. at 1. Mr. Simmons says that Minier adopted IDHR's opinion. And he claims that "this policy, practice, or procedure" accounts for his inability to access handicapped parking. Id.

On September 16, 2020, Mr. Simmons filed a four-count pro se complaint against IDHR, alleging that the department violated his rights under the First and Fourteenth Amendments and the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq. See d/e 1. Several weeks later, IDHR moved to dismiss Mr. Simmons' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See d/e 6.

This Court granted IDHR's motion to dismiss. See Opinion, d/e 14. The Court concluded that the Eleventh Amendment barred Mr. Simmons' constitutional claims against IDHR and dismissed that count with prejudice. The Court found Mr. Simmons' ADA claims failed to allege either standing or plausible claims for relief. The Court dismissed those counts without prejudice and with leave to amend.

On October 28, 2021, Mr. Simmons filed an amended complaint against IDHR. See Am. Compl., d/e 16. The two-page complaint offers little background. But the nub of Mr. Simmons' claim still concerns his access to handicapped parking in Minier.

Mr. Simmons seeks an injunction barring IDHR "from telling public bodies that they do not have to provide handicap parking as

alleged." Id. at 2. Mr. Simmons previously moved for a similar injunction, see Pl.'s Mot. for Prelim. Inj., d/e 19, which the Court declined to grant. See Text Order dated December 7, 2021. Mr. Simmons also seeks a declaratory judgment and money damages. See Am. Compl., d/e 16, at 2.

IDHR now moves to dismiss Mr. Simmons' amended complaint. See Mot. to Dismiss, d/e 21 (citing Fed. R. Civ. P. 12(b)(6)). IDHR argues that Mr. Simmons lacks standing to pursue his claim. Mem., d/e 22, at 3. IDHR also contends that Mr. Simmons fails to state a claim for relief under Title II of the ADA. Id. at 4–5; see generally Fed. R. Civ. P. 12(b)(6).

## II. JURISDICTION

Mr. Simmons brings this suit under the ADA, which prohibits discrimination in three areas: employment (Title I), public services, programs, and activities (Title II), and public accommodations (Title III). See Tennessee v. Lane, 541 U.S. 509, 516-17 (2004). Mr. Simmons never specifies which of those three titles is at issue, but the Court finds that his claim falls under Title II.

Title II "prohibits any public entity from discriminating against 'qualified' persons with disabilities in the provision or

operation of public services, programs, or activities." Id. at 517 (citing 42 U.S.C. § 12131–12134) (noting that Title II authorizes private citizens to bring suits for money damages).  Title II defines the term "public entity" to include "state and local governments, as well as their agencies and instrumentalities." Id. (citing 42 U.S.C. § 12131(1)).  Title II also defines a "qualified person with a disability" as:

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

Mr. Simmons says that he cannot enjoy Minier's public parks because IDHR advised the village not to provide adequate handicapped parking.  Those allegations are best read as a Title II claim.  The Court therefore has subject-matter jurisdiction over Mr. Simmons' suit.  See 28 U.S.C. § 1331.

### III. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), this Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id. This standard is relaxed further for pro se pleadings, which the Court must construe liberally. Greer v. Bd. of Educ., 267 F.3d 723, 727 (7th Cir. 2001). But the complaint still must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Reciting the

elements of a cause of action or supporting claims with conclusory statements are insufficient to state a cause of action. Id.

### III. ANALYSIS

IDHR says that Mr. Simmons lacks standing to sue the department and fails to state a claim for relief. The Court agrees.

**A.    Mr. Simmons Does Not Have Standing to Sue IDHR.**

IDHR first argues that Mr. Simmons lacks standing. Standing is a prerequisite for relief. A plaintiff must show that he has standing for each type of relief he seeks. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). Mr. Simmons seeks money damages and injunctive relief, so the Court considers each in turn.

To establish constitutional standing, Mr. Simmons must establish that (1) he suffered an injury-in-fact that is both concrete and particularized and actual or imminent; (2) his injury is fairly traceable to IDHR's conduct; and (3) it is likely that a favorable decision will redress the injury. Sierra Club v. Franklin Cty. Power of Ill., LLC, 546 F.3d 918, 925 (7th Cir. 2008); see also Spokeo, Inc. v. Robins, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016). To survive IDHR's motion to dismiss for lack of standing, Mr. Simmons must plead "sufficient factual allegations, taken as true,

that plausibly suggest each of these elements." <u>Berger v. Nat'l Collegiate Athletic Ass'n</u>, 843 F.3d 285, 289 (7th Cir. 2016) (cleaned up).

Mr. Simmons alleges that on April 17, 2020, IDHR "told Plaintiff and Village of Minier that the disable[d] and particularly Kenneth Simmons had no right to handicap parking or access aisle in Westside Park." <u>See</u> Am. Compl., d/e 16, at 1. Mr. Simmons says that IDHR's advice deprived him of publicly provided handicapped parking in Minier and the enjoyment of Minier's public parks and common spaces. And Mr. Simmons contends that he is entitled to damages and an injunction barring IDHR from "telling public bodies that they do not have to provide handicap parking." <u>Id.</u> at 2. IDHR argues that these allegations falter at every step of the standing analysis. The Court agrees.

Mr. Simmons' allegations do not give him standing to pursue damages. As in the original complaint, <u>cf.</u> Opinion, d/e 14, at 15–16, Mr. Simmons' amended complaint offers only conclusory allegations of injury, causation, and redressability. Mr. Simmons alleges that a single statement by IDHR evidences the department's "policy, practice, or procedure" of violating his ADA rights. <u>See</u>

Am. Compl., d/e 16, at 1.  Mr. Simmons further alleges that he "is being denied handicap parking" in Minier because of IDHR's statement.  Id.  But Mr. Simmons never offers anything more than these conclusory statements, which do not enjoy "the presumption of truth afforded to well-pleaded allegations."  See United States ex rel. John v. Hastert, 82 F. Supp. 3d 750, 766 (N.D. Ill. 2015).

Indeed, Mr. Simmons' complaint is with Minier, not IDHR.  Mr. Simmons says that he "is being denied handicap parking" at two parks in Minier.  See Am. Compl., d/e 16, at 1.  Mr. Simmons also asserts that he "would file a complaint of human rights violations," presumably against Minier, if IDHR "did NOT tell the public bodies that they do NOT have to provide handicap parking."  See id. at 2.  But nowhere does Mr. Simmons allege an injury-in-fact traceable to the Department's alleged actions or redressable by this Court.  That cannot give him standing to sue IDHR for damages.

The same must be said of Mr. Simmons' standing to pursue injunctive relief.  To establish an injury-in-fact that could be remedied by an injunction, Mr. Simmons needs to allege a "real and immediate threat of future violations of [his] rights."  Scherr v.

Marriott Int'l, Inc., 703 F.3d 1069, 1074 (7th Cir. 2013).  Past exposure to illegal conduct alone does not show a present case or controversy for purposes of injunctive relief, unless it is accompanied by continuing, present adverse effects.  O'Shea v. Littleton, 414 U.S. 488, 495 (1974).

Mr. Simmons claims that an IDHR representative told him "that the disable[d] and particularly Kenneth Simmons had no right to handicap parking or access aisle" in Minier.  But Mr. Simmons does not allege that IDHR maintains or enforces that opinion.  Nor does Mr. Simmons allege that IDHR bears ongoing responsibility—legal or otherwise—for Minier's apparent infrastructural deficiencies.  And even if IDHR previously violated his rights, Mr. Simmons never alleges that IDHR will do so again.  In other words, Mr. Simmons has failed to allege a "real and immediate threat of future violations of [his] rights."  See id.  He therefore lacks standing to seek injunctive relief.

For these reasons, Mr. Simmons' claim must be dismissed.

**B.    Mr. Simmons Fails to State a Claim for Relief.**

IDHR also argues that Mr. Simmons fails to state a claim for relief under Title II of the ADA.  Again, IDHR is correct.

To state a claim under Title II of the ADA, Mr. Simmons must allege that (1) he is a qualified individual with a disability; (2) he was excluded from participating in or denied the benefits of a public entity's services, programs, or activities, or otherwise discriminated against; and (3) that this exclusion, denial of benefits, or discrimination was because of his disability. See P.F. by A.F. v. Taylor, 914 F.3d 467, 471 (7th Cir. 2019). A Title II claim "may be established by evidence that (1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people." Wis. Cmty. Servs., Inc. v. City of Milwaukee, 465 F.3d 737, 753 (7th Cir. 2006) (quoting Washington v. Ind. High Sch. Athletic Ass'n, Inc., 181 F.3d 840, 846 (7th Cir. 1999)).

IDHR argues that Mr. Simmons' allegations fail to state a prima facie Title II claim. IDHR says that Mr. Simmons never claims that IDHR denied him the benefits of IDHR's "services, program, or activities." See Mem., d/e 22, at 5. Instead, IDHR contends, Mr. Simmons' issue "is with the Village of Minier and the handicapped parking offered at its various parks." Id. And IDHR

argues that Mr. Simmons' amended complaint does not cure the problem that doomed the first iteration of this claim—namely, the absence of a causal link between IDHR's statement and the claimed injury.  See id. ("Plaintiff provides no facts to support this allegation, not even the name of the individual who offered an opinion or a letter from Defendant offering this advice.").  In response, Mr. Simmons argues that IDHR "is having a trial at the pleading stage" despite "only need[ing] notice of [his] claims."  See Resp., d/e 24, at 2.

    IDHR's reasoning prevails.  "To survive a motion to dismiss, the plaintiff must do more than simply recite the elements of a claim."  Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010).  As the Court already has explained, supra Section IV.A, Mr. Simmons' allegations are wholly conclusory and his claims mere recitations.  That does not suffice to state a claim.

    Though the Court already has dismissed Mr. Simmons' claim for lack of standing, the Court concludes as well that Mr. Simmons has not stated a plausible claim for relief.

## C. The Court Denies Mr. Simmons' Request for Leave to Amend.

Lastly, Mr. Simmons requests that the Court grant him leave to amend. See Resp., d/e 24, at 2. The Court declines to do so.

Federal Rule of Civil Procedure 15(a) provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). This "mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Since a complaint "merely serves to put the defendant on notice," a complaint may "be freely amended or constructively amended as the case develops." Toth v. USX Corp., 883 F.2d 1297, 1298 (7th Cir. 1989). The exception to this rule gives the Court "broad discretion to deny leave to amend," but only when there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008).

The Court concludes that Mr. Simmons cannot cure the deficiencies in his amended complaint. At bottom, Mr. Simmons' claims against IDHR lack any basis in the law. Mr. Simmons has not offered any reason to think otherwise; he simply requests

another bite at the apple. But Rule 15 does not require the Court to give leave to amend when a party does not "suggest to the court the ways in which it might cure [any] defects." Haywood v. Massage Envy Franchising, LLC, 887 F.3d 329, 335 (7th Cir. 2018). To the contrary, the Court is well within its discretion "to dismiss with prejudice where a party does not make such a request or showing." Id. Mr. Simmons has not made and cannot make such a showing. Therefore, the Court dismisses Mr. Simmons' complaint with prejudice.

## V. CONCLUSION

For these reasons, IDHR's motion to dismiss, see d/e 21, is GRANTED. Mr. Simmons' amended complaint, see d/e 16, is DISMISSED WITH PREJUDICE. Any pending motions in this matter are DENIED as MOOT, any pending deadlines are TERMINATED, and any scheduled settings are VACATED. This case is CLOSED.

**ENTERED: June 17, 2022**

**FOR THE COURT:**

                                              s/*Sue E. Myerscough*
                                       **SUE E. MYERSCOUGH**
              **UNITED STATES DISTRICT JUDGE**